# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2026

Lyle W. Cayce
Clerk

No. 25-60374
Summary Calendar

Fabio Humberto Palacios-Ayala,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A028 588 810

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Fabio Humberto Palacios-Ayala, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) rejecting his argument that he was grandfathered for adjustment of status under § 245(i) of the Immigration and Nationality Act (INA), upholding an immigration judge's (IJ) findings that he was properly served with the order

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to show cause and that he abandoned his application for special cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act by not timely filing it, and affirming the IJ's denial of a new hearing on his asylum application and denial of his application for asylum and withholding of removal. To the extent that Palacios-Ayala asserts that the BIA and IJ erred in denying him relief under the Convention Against Torture, he never applied for that form of relief, and the agency did not address it.

We do not consider Palacios-Ayala's argument that he was entitled to a new, de novo hearing on his 1990 asylum application where he could present additional testimony in support of his application based on his membership in the ABC settlement class because he did not present it to the BIA, and the Respondent has raised the issue of his failure to exhaust.[1] *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023). Palacios-Ayala has forfeited review of whether the BIA erred in upholding the IJ's denial of withholding of removal by failing to raise the issue in his opening brief. *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012). He has forfeited review of the following issues by failing to include them in his statement of issues: whether he was properly served with the order to show cause and whether he was grandfathered under § 245(i) of the INA. *See United States v. Quintanilla*, 114 F.4th 453, 464 (5th Cir. 2024). He has forfeited review of the following issues by failing to cite any legal authority to support his argument: whether he should have been given a new hearing on his asylum application because the 2012 finding that he was subject to the persecutor bar was a changed circumstance and whether he abandoned his applications for

---

[1] *See American Baptist Churches, et al. v. Thornburgh*, 760 F. Supp. 796, 802 (N.D. Cal. 1991) (describing terms of settlement).

2

adjustment of status and special cancellation of removal by not timely filing them. *See id.* at 468.

Palacios-Ayala argues at length that his particular social group (PSG) comprised of "former military officers who suffer reprisals based on their prior capture and processing of guerillas during the civil war" is cognizable. Because the BIA assumed that the proposed PSG presented in Palacios-Ayala's appellate brief was cognizable, that issue is not before this court. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002).

It is arguable whether Palacios-Ayala has adequately briefed the issue whether the BIA erred in finding that the IJ properly denied asylum because he failed to provide credible testimony and corroboration. However, we need not reach the issue, *see Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023), because his conclusory arguments regarding nexus are insufficient to establish that the BIA's decision is not supported by substantial evidence, *see Santos-Alvarado v. Barr*, 967 F.3d 428, 436 (5th Cir. 2020); *Campos–Guardado v. INS*, 809 F.2d 285, 291 (5th Cir. 1987). In particular, Palacios-Ayala has not shown that the evidence compels the conclusion, *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021), that he was or would be persecuted based on his status as a former member of the Salvadoran military as opposed to actions that he undertook while he was an active member of the Salvadoran Army, *see Matter of O-A-R-G-*, 29 I. & N. Dec. 30, 31–34 (BIA 2025); 8 U.S.C. §§ 1101(a)(42)(A), 1158(a) (1990); *see also Martinez-De Umana v. Garland*, 82 F.4th 303, 312 n.4 (5th Cir. 2023).

The petition for review is DENIED.